[Cite as *Bank of Am., N.A. v. Harris*, 2013-Ohio-5749.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   99272

---

# BANK OF AMERICA, N.A.

PLAINTIFF-APPELLEE

vs.

# FREDERICK D. HARRIS, ET AL.

DEFENDANTS-APPELLANTS

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-767055

**BEFORE:**    Boyle, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**    December 26, 2013

**FOR APPELLANT**

Frederick D. Harris, pro se
55 East Juniper Lane
Moreland Hills, Ohio    44022


**ATTORNEYS FOR APPELLEE**

Monica Levine Lacks
James S. Wertheim
Barbara Friedman Yaksic
McGlinchey Stafford, P.L.L.C.
25550 Chagrin Boulevard
Suite 406
Cleveland, Ohio    44122

**ALSO LISTED**

Bernice Belle Harris
55 East Juniper Lane
Moreland Hills, Ohio    44022

MARY J. BOYLE, P.J.:

**{¶1}** Defendant-appellant, Frederick Harris, appeals from the trial court's decision granting summary judgment to plaintiff-appellee, Bank of America, N.A. He raises one assignment of error for our review, arguing that "[t]he trial court erred as a matter of law by granting summary judgment in favor of the plaintiff-appellee." Finding no merit to his appeal, we affirm.

<u>Procedural History and Factual Background</u>

**{¶2}** In July 2005, Harris executed a note, secured by a mortgage, in the amount of $693,600 for the purchase of property located in Moreland Hills, Ohio. In October 2011, Bank of America filed a complaint for foreclosure against Frederick and Bernice Harris, as well as several other defendants not at issue in this appeal, alleging that it was the owner and holder of Harris's note and mortgage, and therefore, it had standing to invoke the jurisdiction of the court. Bank of America attached several exhibits to the complaint, alleging that the documents established that it had standing. It further alleged that the note was in default and that Harris owed $744,327.59, plus interest at the rate of 5.75 percent per annum from the date of default, December 1, 2009.

**{¶3}** Harris moved for summary judgment in June 2012, arguing, inter alia, that Bank of America lacked standing to pursue the foreclosure because the bank was "a party solely by virtue of a purported assignment from [Mortgage Electronic Registration System ('MERS')]." It argued that MERS had no authority to assign the mortgage to Bank of America, and thus, Bank of America had no standing to bring the suit.

{¶4} In September 2012, Bank of America moved for summary judgment, contending that it did have standing to invoke the jurisdiction of the court and that Harris was in default. It attached an affidavit in support, as well as several documents.

{¶5} The trial court denied Harris's motion for summary judgment and granted Bank of America's motion. It is from this judgment that Harris appeals.

## Standing

{¶6} In his sole assignment of error, Harris maintains that the trial court erred in granting summary judgment to Bank of America because Bank of America lacked standing to bring the foreclosure action against him. He essentially raises the same arguments here that he raised in his summary judgment motion.

{¶7} An appellate court reviews a decision granting summary judgment on a de novo basis. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and, (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 672 N.E.2d 654 (1996).

{¶8} Recently, the Ohio Supreme Court addressed the issue of standing in a foreclosure action. In *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, the court found that a plaintiff must have

standing at the time it files the complaint in order to invoke the jurisdiction of the court. *Id.* at ¶ 41-42. In foreclosure cases, standing exists where a party is the holder of the note and mortgage at the time the complaint is filed. *Arch Bay Holdings, L.L.C. v. Brown*, 2d Dist. Montgomery No. 25073, 2012-Ohio-4966, ¶ 16.

{¶9} Harris's main argument throughout his brief is that "MERS in its capacity, solely as nominee for Countrywide," had no right or authority to assign the note to anyone. Thus, Harris maintains that because MERS had no authority to assign the note to Countrywide, then Bank of America lacks standing as successor to Countrywide by merger.

{¶10} Harris's argument is without merit. Ohio courts have held that a party who receives an assignment of mortgage from MERS as nominee has standing to foreclose on the mortgage when the borrower defaults on the loan. *See Deutsche Bank Natl. Trust Co. v. Ingle*, 8th Dist. Cuyahoga No. 92487, 2009-Ohio-3886; *BAC Home Loans Servicing, L.P. v. Hall*, 12th Dist. Warren No. CA2009-10-135, 2010-Ohio-3472.

{¶11} Harris also argues that "the purported assignment in this cause is purportedly signed by Michelle Brewer, 'Vice President' to MERS." Harris contends that Michelle Brewer is not a vice president at MERS, nor is she even an employee at MERS. But Harris offered no evidence in support of this argument.

{¶12} After review of the evidence in the record, we find that Bank of America did establish that it had standing at the time it filed the complaint.

{¶13} Bank of America attached an affidavit to its summary judgment motion

from "Arsheen Littlejohn, AVP, Operations Team Lead of Bank of America." Harris does not challenge Littlejohn's affidavit. Littlejohn properly authenticated the documents attached to Bank of America's summary judgment motion and established that Harris owed Bank of America $744,327 plus interest from December 1, 2009 and costs.

{¶14} Regarding standing, Bank of America attached several documents to its complaint and summary judgment motion. It attached a copy of the note, with the original lender listed as Countrywide Bank, a division of Treasury Bank, N.A. ("Countrywide"). The note was endorsed in blank. Under R.C. 1303.25(B), "[w]hen an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." R.C. 1301.201 provides that "holder" means a "person in possession of a negotiable instrument that is payable * * * to bearer[.]" Bank of America had possession of the note, which was payable to bearer. Thus, Bank of America was the current holder of the note entitled to enforce it. R.C. 1303.31.

{¶15} Bank of America also attached an allonge to the note, which established that Countrywide transferred the "rights, title, and interest" in the note from "BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP."

{¶16} Further, Bank of America attached the mortgage, which was recorded on August 3, 2005, and an assignment of the mortgage dated May 19, 2010. The mortgage listed the Harrises as borrowers; MERS as a "separate corporation that is acting solely as

a nominee for Lender and Lender's successors and assigns"; and Countrywide as the Lender. The assignment stated that MERS "acting solely as nominee for Countrywide Bank, a division of Treasury Bank, N.A. ('Assignor')" transferred the mortgage to "BAC Home Loans Servicing LP, fka Countrywide Home Loans Servicing, LP ('Assignee')."

{¶17} Bank of America also attached a copy of a certificate of merger from the office of the secretary of state of Texas, stating that BAC Home Loans Servicing, LP merged into Bank of America, N.A., effective July 1, 2011.

{¶18} When a merger between two companies occurs, one of those companies ceases to exist. "[A] merger involves the absorption of one company by another, the latter retaining its own name and identity, and acquiring the assets, liabilities, franchises and powers of the former. Of necessity, the absorbed company ceases to exist as a separate business entity." *Morris v. Invest. Life Ins. Co.*, 27 Ohio St.2d 26, 31, 272 N.E.2d 105 (1971). "[T]he absorbed company becomes a part of the resulting company following merger [and] the merged company has the ability to enforce * * * agreements as if the resulting company had stepped in the shoes of the absorbed company." *Acordia of Ohio, L.L.C. v. Fishel*, 133 Ohio St.3d 356, 2012-Ohio-4648, 978 N.E.2d 823, ¶ 6. Once "an existing bank takes the place of another bank after a merger, no further action is necessary" to become a real party in interest. *Huntington Natl. Bank v. Hoffer*, 2d Dist. Greene No. 2010-CA-31, 2011-Ohio-242, ¶ 15.

{¶19} Accordingly, we find that Bank of America met its burden of proof establishing that it was the real party in interest at the time it filed the foreclosure

complaint against Harris, and therefore, Bank of America had standing to bring the action.

**{¶20}** Harris's sole assignment of error is overruled.

**{¶21}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR