[Cite as *Bank of Am. v. Laster*, 2014-Ohio-2536.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100606**

# BANK OF AMERICA, N.A.

PLAINTIFF-APPELLEE

vs.

# DONALD LASTER, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-11-766030

**BEFORE:** Kilbane, J., Boyle, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 12, 2014

**ATTORNEY FOR APPELLANTS**

James R. Douglass
James R. Douglas Co., L.P.A.
4600 Prospect Avenue
Cleveland, Ohio 44103

**ATTORNEYS FOR APPELLEE**

Stacy L. Hart
Romi T. Fox
Bill L. Purtell
Joanne E. Wu
Lerner, Sampson & Rothfuss
P.O. Box 5480
Cincinnati, Ohio 45201

MARY EILEEN KILBANE, J.:

{¶1} Defendants-appellants, Donald and Kitt Laster (collectively referred to as "the Lasters"), appeal the trial court's October 2013 confirmation of a foreclosure sale. For the reasons set forth below, we affirm.

{¶2} In October 2011, plaintiff-appellee, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P., fka Countrywide Home Loans Servicing, L.P. ("Bank of America"), filed a foreclosure action against the Lasters. In its complaint, Bank of America alleged that it was the owner and holder of a note and mortgage executed by the Lasters, and the Lasters were in default on the note. Bank of America sought to foreclose on the property and sought to recover the unpaid balance on the note in the amount of $152,352.34. Copies of the note and mortgage were attached to the complaint.

{¶3} The Lasters did not file an answer or otherwise respond to Bank of America's complaint. Bank of America then filed a motion for default judgment on January 25, 2012. The trial court set an evidentiary hearing on the matter for February 28, 2012. On February 17, 2012, the trial court noted that the Lasters filed a Chapter 7 bankruptcy in federal court, and denied Bank of America's motion as moot. The court also stayed Bank of America's foreclosure action.

{¶4} Then, in September 2012, Bank of America filed a motion to reactivate the proceedings, which the trial court granted. Bank of America renewed its motion for

default judgment and a hearing was set for November 17, 2012. The Lasters did not respond to Bank of America's motion, nor did they appear at the default hearing. As a result, the magistrate issued a decision granting Bank of America's motion for default judgment. The trial court adopted the magistrates's decision and ordered the foreclosure and sale of the property. Subsequently, a sheriff's sale was scheduled for February 25, 2013. The sale, however, did not proceed as scheduled because Donald Laster filed a Chapter 13 bankruptcy action in federal court on February 21, 2013.

{¶5} The foreclosure action was reactivated on July 17, 2013, and Bank of America again requested that a sheriff's sale be scheduled. The sheriff's sale was scheduled for September 23, 2013. On September 11, 2013, the Lasters filed a motion to vacate the notice of the sheriff's sale and the order of the sheriff's sale, arguing that the trial court's judgment was not a final order because the sums due for taxes, insurance, and property protection were not computed. Bank of America opposed the Lasters' motion on September 19, 2013, arguing that the trial court's judgment was a final, appealable order because those sums are "mechanical and ministerial."

{¶6} We note that the Lasters' motion was not electronically recorded by the clerk of courts and did not appear on the docket until the trial court granted the Lasters' motion to correct the record, which was filed on December 27, 2013.[1] In granting their

---

[1]On December 4, 2013, after the Lasters had appealed to this court, they sought to supplement the record with their motion to vacate the notice of the sheriff's sale and the order of the sheriff's sale. We treated their motion as a motion to remand pursuant to App.R. 9(E), and instructed the Lasters' counsel to file a motion for the trial court to consider a correction of the record.

motion, the trial court stated that the Lasters

> attached a copy of a motion to vacate notice of sheriff's sale and order of sheriff's sale [to their motion to correct the record] that shows it was date stamped "2013 SEP 11" by the Cuyahoga County Clerk of Courts; however, the motion was not electronically recorded by the clerk of courts, and does not appear on the docket. On 09/19/2013, [Bank of America] responded to [the Lasters'] motion by filing a brief in opposition. As a result, the court deems that [the Lasters'] motion to vacate notice of sheriff's sale and order of sheriff sale was filed on 09/11/2013.

{¶7} On January 6, 2013, the trial court denied the Lasters' motion to vacate notice of the sheriff's sale and order of the sheriff's sale, finding that "the computation of future costs for property taxes, insurance premiums and property protection are mechanical and ministerial, and properly addressed after confirmation of the sheriff['s] sale."[2]

{¶8} The sheriff's sale proceeded as scheduled, and the foreclosed property was sold on September 23, 2013. On the same day, Bank of America filed an assignment of bid, assigning "all its right, title, and interest in and to its bid for the real estate sold at the Sheriff's Sale to Federal National Mortgage Association[.]" The trial court ordered the confirmation of the sale on October 9, 2013.[3]

{¶9} It is from this order the Lasters now appeal, raising the following two assignments of error for review.

---

[2] The Lasters also filed a motion to dismiss for lack of subject matter jurisdiction on December 27, 2012. They argued that Fannie Mae was the real party in interest. Bank of America opposed, and the trial court denied the Lasters' motion on January 6, 2013. The trial court found that the motion was moot because the Lasters had already appealed to this court in November 2013.

[3] The Lasters sought a stay of eviction, which was granted on January 16, 2014.

Assignment of Error One

[Bank of America] failed to demonstrate that it had the standing necessary to invoke the jurisdiction of the trial court.

Assignment of Error Two

The trial court erred when it issued an order of sale absent a final appealable decree in foreclosure.

Standing

{¶10} In the first assignment of error, the Lasters argue that Bank of America failed to demonstrate that it had the standing to invoke the jurisdiction of the trial court. Specifically, they claim that since Bank of America assigned the rights in its bid to Fannie Mae (Federal National Mortgage Association), Bank of America was not the real party in interest. We disagree.

{¶11} The Ohio Supreme Court addressed the issue of standing in a foreclosure action in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214. In *Schwartzwald*, the court found that a plaintiff must have standing at the time it files the complaint in order to invoke the jurisdiction of the court. *Id.* at ¶ 41-42. "In foreclosure cases, standing exists where a party is the holder of the note and mortgage at the time the complaint is filed." *Bank of Am., N.A. v. Harris*, 8th Dist. Cuyahoga No. 99272, 2013-Ohio-5749, ¶ 8, citing *Arch Bay Holdings, L.L.C. v. Brown*, 2d Dist. Montgomery No. 25073, 2012-Ohio-4966.

{¶12} In the instant case, Bank of America attached several documents to its complaint, demonstrating that it had standing to invoke the trial court's jurisdiction. It

attached a copy of the note, with the original lender listed as Geauga Savings Bank. The note was indorsed to Countrywide Bank, N.A, which indorsed the note to Countrywide Home Loans. Countrywide Home Loans then indorsed in blank. Under R.C. 1303.25(B), a

> "[b]lank indorsement" means an instrument that is made by the holder of the instrument and that is not a special indorsement. When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.

{¶13} R.C. 1301.201(21)(a) provides that a "holder" is a "person in possession of a negotiable instrument that is payable * * * to bearer[.]" Bank of America had possession of the note, which was payable to bearer. Therefore, Bank of America was the current holder of the note and was entitled to enforce it at the time of the filing of its complaint.

{¶14} Furthermore, Bank of America attached the mortgage, which was recorded on February 16, 2007, and an assignment of the mortgage to MERS recorded on August 17, 2011. MERS then assigned its rights to "Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP." Bank of America attached a copy of a certificate of merger from the office of the secretary of state of Texas, stating that BAC Home Loans Servicing, L.P. merged into Bank of America, N.A., effective July 1, 2011.

{¶15} We recognize that when a merger between two companies occurs, one of those companies ceases to exist. "[A] merger involves the absorption of one company by another, the latter retaining its own name and identity, and acquiring the assets, liabilities,

franchises and powers of the former. Of necessity, the absorbed company ceases to exist as a separate business entity." *Morris v. Invest. Life Ins. Co.*, 27 Ohio St.2d 26, 31, 272 N.E.2d 105 (1971). "[T]he absorbed company becomes a part of the resulting company following merger [and] the merged company has the ability to enforce * * * agreements as if the resulting company had stepped in the shoes of the absorbed company." *Acordia of Ohio, L.L.C. v. Fishel*, 133 Ohio St.3d 356, 2012-Ohio-4648, 978 N.E.2d 823, ¶ 7. Once "'an existing bank takes the place of another bank after a merger, no further action is necessary' to become a real party in interest." *Harris* at ¶ 18, quoting *Huntington Natl. Bank v. Hoffer*, 2d Dist. Greene No. 2010-CA-31, 2011-Ohio-242, ¶ 15.

**{¶16}** Accordingly, we find that Bank of America established that it was the real party in interest at the time it filed the foreclosure complaint against the Lasters, and as a result, it had standing to bring the action.

**{¶17}** The first assignment of error is overruled.

<u>Final Order</u>

**{¶18}** In the second assignment of error, the Lasters argue that the trial court's judgment granting foreclosure is not a final, appealable order because damages were not fully determined. The court ordered taxes, insurance premiums, and property protection be paid, but did not calculate the specific amounts for each category. In support of their argument, the Lasters rely on *Citimortgage, Inc. v. Roznowski*, 5th Dist. Stark No. 2012-CA-93, 2012-Ohio-4901 ("*Roznowski II*"), which was recently reviewed by the Ohio Supreme Court in *Citimortgage, Inc. v. Roznowski*, Slip Opinion No.

2014-Ohio-1984 ("*Roznowski III*").

{¶19} In *Roznowski*, CitiMortgage filed a complaint seeking to foreclose on property owned by the Roznowskis. *Roznowski III* at ¶ 2. The trial court granted CitiMortgage's motion for summary judgment, without setting forth the amount owed. *Id.* at ¶ 4. The Roznowskis appealed, arguing that the trial court had entered final judgment without any entry setting forth the amount owed. The Fifth District Court of Appeals dismissed the appeal, holding that the order was not final and appealable, because it did not set forth the dollar amount of the balance due on the mortgage and did not refer to any documents in the record that did. *Citimortgage, Inc. v. Roznowski* 5th Dist. Stark No. 2011-CA-124, 2012-Ohio-74, ¶ 26 ("*Roznowski I*").

{¶20} On remand, the trial court issued a judgment entry sustaining CitiMortgage's motion for summary judgment and issuing a decree for foreclosure. In its entry, the court stated that there was due to CitiMortgage the principal sum of $126,849.04 on the promissory note, along with interest at specified rates and costs of the action. In addition, it awarded

> "costs of this action, those sums advanced by plaintiff for costs of evidence of title required to bring this action, for payment of taxes, insurance premiums and expenses incurred for property inspections, appraisal, preservation and maintenance." The court did not enter a dollar amount for any of those damages.

*Roznowski II* at ¶ 3.

{¶21} The Roznowskis appealed again in *Roznowski II*. The Fifth District dismissed the appeal for lack of jurisdiction after holding that the trial court had again

failed to issue a final, appealable order. The court of appeals reasoned that "expenses incurred in property inspections, appraisal, preservation and maintenance" as set forth in the trial court's order are not easily ascertainable and thus must be set forth specifically before the order is final and appealable. *Id.* at ¶ 9.

{¶22} The Fifth District certified that its holding was in conflict with the holding of the Seventh District in *LaSalle Bank Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 11 MA 85, 2012-Ohio-4040, and the Ohio Supreme Court determined that a conflict exists on the following issues:

> 1. Whether a judgment decree in foreclosure is a final appealable order if it includes as part of the recoverable damages amounts advanced by the mortgagee for inspections, appraisals, property protection and maintenance, but does not include specific itemization of those amounts in the judgment.
>
> 2. Whether a mortgagor that contests amounts expended by a mortgagee for inspections, appraisals, property protection and maintenance can challenge those amounts as part of the proceedings to confirm the foreclosure sale, and appeal any adverse ruling in an appeal of the order of confirmation.

*Roznowski III* at ¶ 8.

{¶23} The supreme court stated that these issues are interrelated. "The first concerns the form of the judgment decree in foreclosure, and the second, the timing of appeal by the mortgagor of any final damages amounts awarded." *Id.* at ¶ 9. In looking at R.C. 2505.02 and the Fifth and Seventh District views, the court concluded:

> [A] judgment decree in foreclosure that allows as part of recoverable damages unspecified amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance but does not include specific itemization of those amounts in the judgment is a final, appealable order.

*Id.* at ¶ 30, paragraph one of the syllabus.

{¶24} The court further found that "a mortgagor may contest amounts expended by a mortgagee for inspections, appraisals, property protection, and maintenance during proceedings to confirm the foreclosure sale and may appeal the order of confirmation of sale." *Id.* at ¶ 43, paragraph two of the syllabus.

{¶25} Likewise, in the instant case, we find that the trial court's judgment that allowed for taxes, insurance premiums, and property protection, but did not include a specific itemization for those amounts is a final, appealable order.

{¶26} Therefore, the second assignment of error is overruled.

{¶27} Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, A.J., and
LARRY A. JONES, SR., J., CONCUR