[Cite as *Wells Fargo Bank v. Rennert*, 2014-Ohio-5292.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 101454

---

## WELLS FARGO BANK

### PLAINTIFF-APPELLEE

vs.

## TIMOTHY M. RENNERT, ET AL.

### DEFENDANTS-APPELLANTS

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-11-767598

**BEFORE:** E.T. Gallagher, J., Celebrezze, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** November 26, 2014

**ATTORNEY FOR APPELLANT**

Michael P. Harvey
Michael P. Harvey Co., L.P.A.
311 Northcliff Drive
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Robert B. Holman
Holman, Frank & McDonald
P.O. Box 46390
Cleveland, Ohio 44146

Stacy L. Hart
Jennifer N. Heller-Templeton
Lerner, Sampson & Rothfuss
P.O. Box 5480
Cincinnati, Ohio 45201

Scott A. King
Terry W. Posey, Jr.
Thompson Hine, L.L.P.
Austin Landing, I
10050 Innovation Drive, Suite 400
Miamisburg, Ohio 45342

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Michael P. Harvey Co., L.P.A. ("Harvey"), appeals from the trial court's judgment finding plaintiff-appellee's, Wells Fargo Bank, N.A. ("Wells Fargo"), mortgage to be first in priority over Harvey's judgment lien. Finding no merit to the appeal, we affirm.

{¶2} In July 2003, defendant Timothy Rennert secured a mortgage through Wells Fargo Home Mortgage, Inc. ("WFHMI") for a property located in Parma, Ohio. The note was secured for $96,300. In May 2004, WFHMI merged with Wells Fargo.[1]

{¶3} In October 2011, Wells Fargo filed a foreclosure action against Rennert. Wells Fargo was eventually able to get service on Rennert via publication in December 2012. Rennert never appeared in this matter, and in April 2013, a default judgment was granted in favor of Wells Fargo.

{¶4} Harvey was also named as a defendant in the foreclosure action because of its 2011 judgment lien against Rennert. In March 2012, Wells Fargo filed a motion for summary judgment, arguing its mortgage had priority over Harvey's lien. The motion was deemed moot when Wells Fargo sought leave to file an amended complaint. In April 2012, Wells Fargo filed a renewed motion for summary judgment. In February 2013, Harvey filed its brief in opposition and a cross-motion for summary judgment and to dismiss Wells Fargo's action for lack of standing.

---

[1] Harvey repeatedly references "Wells Fargo Home Mortgage of Illinois" in its brief. However, after a thorough review of the record, "Wells Fargo Home Mortgage of Illinois" does not appear in or on any of the mortgage or note paperwork associated with this case.

{¶5} In January 2014, the magistrate denied both motions for summary judgment, rejecting Harvey's argument that Wells Fargo did not merge with WFHMI, while also finding that Wells Fargo failed to present sufficient evidence that it was the holder and/or owner of the note and mortgage at the time it filed the action. The case was set for trial. Harvey filed objections to the magistrate's decision. In February 2014, the trial court overruled Harvey's objections and adopted the magistrate's decision regarding the summary judgment motions.

{¶6} In March 2014, the magistrate conducted a bench trial. In its decision, the magistrate found that Wells Fargo produced evidence at trial that established standing and its ability to enforce the note and the mortgage at the commencement of the action. Moreover, the magistrate found that because Wells Fargo's mortgage was recorded prior to Harvey's lien, Wells Fargo had priority.

{¶7} In April 2014, Harvey filed objections to the magistrate's decision regarding the bench trial and a request that the objections be determined without a transcript. In May 2014, the trial court overruled Harvey's objections and adopted that magistrate's decision. It is from this decision that Harvey now appeals, raising four assignments of error.

**Standing**

{¶8} In the first assignment of error, Harvey argues the trial court erred in finding that Wells Fargo established standing. In its fourth assignment of error, Harvey argues the trial court erred in refusing to acknowledge Wells Fargo's inappropriate use of California law. Rephrased in the argument section of its brief, Harvey argues Ohio Supreme Court precedent supports his

contention that his lien takes priority over Wells Fargo's.[2]  Both assignments of error raise the issue of standing, therefore they will be addressed together.

{¶9} Harvey argues Wells Fargo failed to prove that it was the holder and/or owner of the note and mortgage at the time the action was commenced.   If Wells Fargo is not the holder and/or owner of the note and mortgage, Harvey argues, it lacked standing to file the foreclosure action against Rennert.   Harvey's argument rests, in part, on his contention that the mortgage was not properly filed with the Cuyahoga County Recorder's Office.

{¶10} Civ.R. 17(A) provides that a complaint must be brought in the name of the real party in interest.   In *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, the Ohio Supreme Court noted that "[i]t is an elementary concept of law that a party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action."   *Id.*,134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 22.

{¶11} In a foreclosure action, the current holder of the note and mortgage is the real party in interest.   *Wells Fargo Bank, N.A. v. Stovall*, 8th Dist. Cuyahoga No. 91802, 2010-Ohio-236, ¶ 15, citing *Chase Manhattan Mtge. Corp. v. Smith*, 1st Dist. Hamilton No. C-061069, 2007-Ohio-5874.   A party may establish its interest in the suit, and thus have standing, when at the time it files its complaint of foreclosure, it either (1) has had the mortgage assigned to it, or (2) it is the holder of the note.   *CitiMortgage, Inc. v. Patterson*, 2012-Ohio-5894, 984 N.E.2d 392, ¶ 21 (8th Dist.), citing *Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214.

---

[2]   Harvey's reference to "California law" actually pertains to his third assignment of error, addressed below.

{¶12} In the instant case, the determination that Wells Fargo had standing to bring the foreclosure action was made by the magistrate after a bench trial and subsequently adopted in full by the trial court. A trial court's adoption of a magistrate's decision is governed by Civ.R. 53. Civ.R. 53(D)(3)(b)(i) provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." If a party objects to a factual finding, whether or not it is specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), the objection "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Civ.R. 53(D)(3)(b)(iii).

{¶13} In accordance with Civ.R. 53, this court has repeatedly held that a party cannot challenge the factual findings contained within a magistrate's decision on appeal unless such party submits the required transcript to the trial court. *See Willowick v. Gibaldi*, 11th Dist. Lake No. 96-L-079, 1997 Ohio App. LEXIS 619 (Feb. 21, 1997). In the absence of a transcript, the trial court must accept the magistrate's findings of fact and may only examine the legal conclusions drawn from those facts. *Ross v. Cockburn*, 10th Dist. Franklin No. 07AP-967, 2008-Ohio-3522, ¶ 5, citing *Forth v. Gerth*, 10th Dist. Franklin No. 05AP-576, 2005-Ohio-6619, ¶ 9, quoting *Carter v. Le*, 10th Dist. Franklin No. 05AP-173, 2005-Ohio-6209, ¶ 11.

{¶14} In turn, an appellate review of a trial court's adoption of a finding of fact is limited to whether the trial court's adoption of that finding constituted an abuse of discretion. *Proctor v. Proctor*, 48 Ohio App.3d 55, 548 N.E.2d 287, ¶ 63 (3d Dist.1988). Furthermore, despite Harvey's argument that a transcript has been filed on appeal, the Ohio Supreme Court in *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 654 N.E.2d 1254 (1995), held that an

appellate court is precluded from considering a transcript of proceedings submitted in conjunction with the appellate record when said transcript was not made a part of the proceedings before the trial court.

{¶15} Therefore, because Harvey failed to provide the trial court with a copy of the transcript to support its objections, our review is limited to determining whether the court abused its discretion in adopting the magistrate's decision in terms of conclusions of law. *Brown v. Brown*, 8th Dist. Cuyahoga No. 78551, 2001 Ohio App. LEXIS 4171 (Sept. 20, 2001), citing *High v. High*, 89 Ohio App.3d 424, 427, 624 N.E.2d 801 (3d Dist.1993).

{¶16} An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Clark*, 71 Ohio St.3d 466, 470, 644 N.E.2d 331 (1994). In order to find an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256, 662 N.E.2d 1 (1996).

{¶17} Without a transcript, the trial court was bound to accept the magistrate's factual determinations that Wells Fargo provided the trial court with (1) a copy of the original note endorsed in blank, and (2) a copy of the original mortgage. Furthermore, the trial court was bound to accept the magistrate's findings that the testimony taken at trial from a Wells Fargo loan servicing agent who had reviewed the original documents helped to establish that Wells Fargo was the owner and holder of the note and mortgage at the time the action was commenced. In authenticating the documents, the court noted in its decision that the mortgage document bears a stamp from the Cuyahoga County Recorder's office, indicating that it was properly recorded on

July 2, 2003. The trial court accepted the fact finding of the magistrate's decision to determine that as the owner and holder of the note at the time the action was filed, Wells Fargo had standing. *See Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214.

**{¶18}** We find no abuse of discretion on the trial court's part in adopting the magistrate's decision and holding that Wells Fargo provided the court with all the evidence necessary to prove it had standing. Having determined that Wells Fargo had standing to file the foreclosure action against Rennert and that the mortgage was filed prior to Harvey's judgment lien, we find the trial court did not abuse its discretion in finding that Wells Fargo's mortgage has priority over Harvey's lien.

**{¶19}** Accordingly, the first and fourth assignments of error are overruled.

### Discovery

**{¶20}** In the second assignment of error, Harvey argues the magistrate erred in suspending the Civ.R. 26-37 in regard to Harvey's discovery requests.

**{¶21}** Harvey argues the magistrate's orders prevented it from obtaining the discovery necessary to show Wells Fargo lacked standing. He argues the magistrate contravened the discovery rules, preventing him from gathering the documents needed. Wells Fargo argues Harvey has waived his right to raise this argument by failing to object to the magistrate's discovery orders below.

**{¶22}** Civ.R. 53(D)(2)(a)(i) provides magistrates the authority to enter orders without judicial approval "if necessary to regulate the proceedings and if not dispositive of a claim or defense of a party." Civ.R. 53(D)(2)(b) specifies the procedure for setting aside a magistrate's order:

> Any party may file a motion with the court to set aside a magistrate's order. The motion shall state the moving party's reasons with particularity and shall be filed not later than ten days after the magistrate's order is filed. The pendency of a motion to set aside does not stay the effectiveness of the magistrate's order, though the magistrate or the court may by order stay the effectiveness of a magistrate's order.

However, a party's failure to object to a matter contained in a magistrate's decision is considered a waiver of his or her right to pursue the issue on appeal. *See Sagen v. Thrower*, 8th Dist. Cuyahoga No. 73954, 1999 Ohio App. LEXIS 1573 (Apr. 8, 1999); *Aurora v. Sea Lakes, Inc.*, 105 Ohio App.3d 60, 66, 663 N.E.2d 690 (11th Dist.1995).

**{¶23}** In December 2012, Harvey filed a motion to compel, which was granted in part and denied in part. Wells Fargo complied with the court order, and Harvey did not request the order be set aside. In January 2013, Harvey filed a motion for an order permitting the release of information, which was granted in February 2013. Harvey's January 2013 motion for discovery sanctions was denied, based on Wells Fargo's compliance. Harvey did not request to set aside the order.

**{¶24}** First, having failed to request the magistrate's orders be set aside, Harvey is precluded from raising these issues on appeal. Second, regardless of Harvey's failure to have the orders set aside, we find no evidence to support its claim that the trial court suspended Civ.R. 26-37 in regard to Harvey's requests. To the contrary, the trial court granted the majority of Harvey's discovery requests, resulting in the acquisition of sought after evidentiary material from Wells Fargo.

**{¶25}** Accordingly, the second assignment of error is overruled.

**R.C. 1701.82(A)**

**{¶26}** In the third assignment of error, Harvey argues the trial court erred in finding Wells Fargo's mortgage took priority over his lien when Wells Fargo failed to record the assignment of Rennert's mortgage, pursuant to R.C. 1701.82(A)(1).

**{¶27}** Harvey argues Rennert entered into his mortgage with Wells Fargo Home Mortgage of Illinois ("Wells Fargo Illinois"). As previously stated, a thorough review of the record illustrates that Rennert's mortgage was originally with WFHMI and was later assigned to Wells Fargo after the two companies merged.

**{¶28}** Harvey also argues that the two entities failed to properly assign Rennert's mortgage subsequent to the merger. Harvey cites R.C. 1701.82(A)(1) in support of this contention, which provides that an entity ceases to exist as a separate business in a merger except when "a conveyance, assignment, transfer, deed, or other instrument or act is necessary to vest property or rights" in a surviving entity. Harvey argues this exception required more from Wells Fargo in order to establish that it absorbed Rennert's mortgage when it merged with WFHMI.

**{¶29}** However, as Wells Fargo argues in its brief, R.C. 1701.82(A)(3) [3] explicitly provides that when two entities merge, all the real property and assets transfer from one entity to the other without any additional assignment. R.C. 1701.82(A)(3) provides that after a merger becomes effective:

> [t]he surviving or new entity possesses all assets and property of every description, and every interest in the assets and property, wherever located, and the rights, privileges, immunities, powers, franchises, and authority, of a public as well as of a private nature, of each constituent entity, and, subject to the limitations specified in section 2307.97 of the Revised Code, all obligations belonging to or due to each constituent entity, all of which are vested in the surviving or new entity *without further act or deed*. Title to any real estate or any interest in the real estate vested in any constituent entity shall not revert or in any way be impaired by reason of such merger or consolidation.

(Emphasis added.)

---

[3]   Improperly referred to as R.C. 1703.82(A)(3) in Wells Fargo's brief.

**{¶30}** This court has consistently held that when two banks merge, the absorbed bank becomes a part of the resulting bank, and the merged bank has the ability to enforce agreements as if the resulting bank had stepped in the shoes of the absorbed one. *Bank of Am., N.A. v. Laster*, 8th Dist. Cuyahoga No. 100606, 2014-Ohio-2536, ¶ 15, citing *Acordia of Ohio, L.L.C. v. Fishel*, 133 Ohio St.3d 356, 2012-Ohio-4648, 978 N.E.2d 823, ¶ 7. *See also Bank of Am., N.A. v. Harris*, 8th Dist. Cuyahoga No. 99272, 2013-Ohio-5749. Once "an existing bank takes the place of another bank after a merger, no further action is necessary" to become a real party in interest in regard to its property. *Huntington Natl. Bank v. Hoffer*, 2d Dist. Greene No. 2010-CA-31, 2011-Ohio-242, ¶ 15.

**{¶31}** Furthermore, the question of whether or not Wells Fargo provided sufficient evidence of its merger with WFHMI was argued and decided in Wells Fargo's favor on Harvey's cross-motion for summary judgment. Harvey argued in his cross-motion that Wells Fargo's failure to establish the merger with WFHMI entitled him to a judgment finding his lien had priority. In January 2014, the magistrate denied his cross-motion, finding that Wells Fargo had successfully established the merger by providing the certificate, dated May 5, 2004, from the California Secretary of State, stating that WFHMI merged into Wells Fargo, and the two certificates from the Ohio Secretary of State, dated October 1, 2004, and February 8, 2013, both of which also clearly state that WFHMI merged into Wells Fargo. *See Harris* at ¶ 17-19 (a copy of the certificate from the secretary of state's office is sufficient to illustrate the merger of one bank and all of its assets to another).

**{¶32}** On February 26, 2014, the trial court overruled Harvey's objections to the magistrate's decision on his cross-motion for summary judgment and adopted the magistrate's findings in full, stating in relevant part:

> The court overrules the defendant's objection concerning plaintiff's standing to bring this suit, finding that plaintiff provided sufficient, credible evidence of its merger with the originator of the mortgage and promissory note at issue in the case and established that plaintiff, by virtue of its merger with the loan originator, obtained possession of the loan instrument prior to the filing of the complaint in this case.

This decision was not appealed, nor was any motion made to have it set aside.

**{¶33}** Therefore, by way of the aforementioned statute and case law, as well as the trial court's finding that Wells Fargo presented sufficient evidence of the merger, we find that Rennert's WFHMI mortgage transferred by operation of law to Wells Fargo at the time of their merger, without the requirement of any additional filings. Thus, Wells Fargo's mortgage retains priority over Harvey's lien.

**{¶34}** Accordingly, the third assignment of error is overruled.

**{¶35}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MELODY J. STEWART, J., CONCUR