[Cite as *Fifth Third Mtge Co. v. Fantine*, 2015-Ohio-4260.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

FIFTH THIRD MORTGAGE COMPANY

     Plaintiff-Appellee

-vs-

JEFFREY A. FANTINE AKA
JEFFREY ADRIAN FANTINE, ET AL.

     Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. Sheila G. Farmer, J.

Case No. 15-CA-5

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Fairfield County Court of Common Pleas, Case No. 2014-CV-00425 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 9, 2015 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| HARRY J. FINKLE IV. | MARC E. DANN |
| HARRY W. CAPPEL | GRACE M. DOBERDRUK |
| BRITTANY L. GRIGGS | PAUL B. BELLAMY |
| Graydon Head & Ritchey LLP | The Dann Law Firm |
| 1900 Fifth Third Center | P.O. Box 6031040 |
| 511 Walnut Street | Cleveland, Ohio 44103 |
| Cincinnati, Ohio 45202-3157 | |

*Hoffman, J.*

{¶1} Defendant-appellants Jeffrey A. Fantine appeals the January 9, 2015 Judgment Entry entered by the Fairfield County Court of Common Pleas, which granted summary judgment in favor of plaintiff-appellee Fifth Third Mortgage Company ("Fifth Third") and entered a decree of foreclosure.

## STATEMENT OF THE FACTS AND CASE

{¶2} On May 13, 2005, Appellant executed a promissory note and mortgage deed with Fifth Third in the amount of $69,300, for real property located at 123 Behrens Court, Lancaster, Fairfield County, Ohio. The mortgage was filed with the Fairfield County Recorder on May 17, 2005, and recorded thereafter.

{¶3} On March 1, 2010, following a period of delinquency, Appellant entered into a loan modification agreement with Fifth Third. Appellant again became delinquent on the loan in September, 2013. On June 6, 2014, Fifth Third filed a complaint, seeking judgment on the Note and foreclosure of the mortgage. On July 2, 2014, Appellant filed a pro se document captioned "Motion for Additional Time in which to Answer or Respond to Plaintiff's Complaint." Fifth Third filed a motion for default judgment on September 5, 2014. Appellant filed a pro se response on September 11, 2014. Via Entry filed October 20, 2014, the trial court denied Fifth Third's motion for default judgment.

{¶4} Thereafter, Fifth Third filed a motion for summary judgment on December 3, 2014. In support of the motion, Fifth Third attached the Affidavit of Kimberly Hoff, the Affidavit Analyst for Fifth Third Bank and the loan servicer for Fifth Third Mortgage Company; a copy of the Note; a copy of the mortgage; a copy of the loan modification

agreement; and a copy of the default notice addressed to Appellant. Appellant did not file a memorandum in opposition to the motion for summary judgment.

{¶5} Via Judgment Entry filed January 9, 2015, the trial court granted Fifth Third's motion for summary judgment, and entered a decree of foreclosure.

{¶6} It is from this judgment entry Appellant appeals, raising the following assignments of error:

{¶7} "I. IT WAS ERROR FOR THE TRIAL COURT TO GRANT FIFTH THIRD MORTGAGE COMPANY A DECREE OF FORECLOSURE WHEN THE LOAN MODIFICATION AGREEMENT WAS NOT FILED OF RECORD WITH THE FAIRFIELD COUNTY RECORDER'S OFFICE PURSUANT TO THE MANDATORY TERMS OF §R.C. 53.231.

{¶8} "II. IT WAS ERROR FOR THE TRIAL COURT TO GRANT FIFTH THIRD MORTGAGE COMPANY A DECREE OF FORECLOSURE WHEN THE MORTGAGE COMPANY FAILED TO PRODUCE ANY BUSINESS RECORDS THAT WOULD SUPPORT A HISTORY OF PAYMENT DELINQUENCY AND DEFAULT AND PROVIDE A DOCUMENTARY SUMMARY FOR THAT CALCULATION OF THE DOLLAR AMOUNT SOUGHT IN THE UNDERLYING FORECLOSURE ACTION."

*Summary Judgment*

{¶9} Civ. R. 56 states in pertinent part:

{¶10} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to

judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

{¶11} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.,* 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–Ferris Inds. of Ohio, Inc.,* 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.,* 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist.1999).

{¶12} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000–Ohio–186, 738 N.E.2d 1243.

{¶13} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle,* 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist.1991).

I

{¶14} In his first assignment of error, Appellant contends the trial court erred in entering a decree of foreclosure when the loan modification agreement was not filed of record pursuant to R.C. 5301.231. We disagree.

{¶15} R.C. 5301.23 provides, "All properly executed mortgages shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated and shall take effect at the time they are delivered to the recorder for record." R.C. 5301.23(A).

{¶16} In Ohio, the "failure or success of recording an instrument has no effect on its validity as between the parties to that instrument." *Bank of New York Mellon v. Loudermilk,* 5th Dist. Fairfield No.2012–CA–30, 2013–Ohio–2296, citing *Bank One, N.A. v. Dillon,* 9th Dist. No. 04CA008571, 2005–Ohio–1950, ¶ 9. "The purpose of the recording statutes is to put other lien holders on notice and to prioritize the liens." *Id.,*

citing *GMAC Mtge. Corp. v. McElroy,* 5th Dist. No.2004–CA–00380, 2005–Ohio–2837, ¶ 16.

**{¶17}** In support of his position, Appellant cites *Community Action Commt. of Pike Cty., Inc. v. Maynard*, 4th Dist. Pike No. 02CA695, 2003-Ohio-4312, 2003 WL 21949715, ¶ 8–10, for the proposition an unrecorded mortgage modification is ineffective. We find Appellant's reliance on *Maynard* is misplaced. While the Fourth District Court of Appeals concluded a mortgage modification which is not recorded is an ineffective modification, it did so in the context of a mortgage modification's effectiveness as to the priority of lienholders. *Id.* Although R.C. 5301.231(A), as a recording statute, affects the rights of third parties as to the priority of mortgage liens, it has no effect on the underlying obligation as between the parties. See, *GMAC Mtge. Corp. v. McElroy,* 5th Dist. Stark No. 2004–CA–00380, 2005-Ohio-2837, ¶ 16, citing *Sidle v. Maxwell,* 4 Ohio St. 236, 238 (1854) and *Gossard v. Hillman,* 4th Dist. Jackson No. 478 (May 16, 1984).

**{¶18}** Based upon the foregoing, we find the lack of recording of the loan modification agreement does not provide a defense for Appellant. The trial court properly granted summary judgment in favor of Fifth Third and did not err in entering the decree of foreclosure.

**{¶19}** Appellant's first assignment of error is overruled.

II

**{¶20}** In his second assignment of error, Appellant maintains the trial court erred in entering a decree of foreclosure when Fifth Third failed to produce business records which support a history of payment delinquency and default, and failed to provide

documentary evidence supporting the calculation of the dollar amount sought. Specifically, Appellant argues Hoff's affidavit fails to adequately establish the amount due on the loan and the trial court should not have entered a decree of foreclosure based upon Fifth Third's failure to provide a "payment history."

**{¶21}** There is no requirement that a party seeking a foreclosure submit a payment history to demonstrate entitlement to summary judgment. *Deutsche Bank Natl. Trust Co. v. Najar,* 8th Dist. Cuyahoga No. 98502, 2013–Ohio–1657, ¶ 40. Rather, an affidavit establishing a loan is in default is sufficient to demonstrate entitlement to summary judgment where there is no evidence controverting the affiant's averments. *See e .g. Cent. Mortg. Co. v. Elia,* 9th Dist. Summit No. 25505, 2011–Ohio3188, ¶ 7.

**{¶22}** Fifth Third submitted Kimberly Hoff's affidavit in support of its motion for summary judgment. In her affidavit, Hoff averred Appellant was in default under the terms of the Note, the mortgage, and the loan modification agreement as the result of "his failure to make all required payments." Hoff Affidavit, para. 11. Additionally, Hoff stated the amount due and payable on the account was "$66,982.93 plus interest at the rate of 6.625% from September 1, 2013, plus court costs, advances, and other charges allowed by the Note and Mortgage and Ohio law." *Id.* at para. 13. Hoff added, "The default has not been cured." *Id.*

**{¶23}** Appellant did not dispute the evidentiary quality of the affidavit and did not provide evidence which would controvert Hoff's averments regarding the status or balance of the account.

**{¶24}** In *Wachovia Bank v. Jackson,* 5th Dist. Stark No.2010–CA–00291, 2011–Ohio–3203, this Court held in order to properly support a motion for summary judgment

in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) The movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *Id.* ¶ 40–45.

**{¶25}** Fifth Third, via the Hoff affidavit, provided evidence to satisfy all the foregoing criteria. We, therefore, find Fifth Third set forth sufficient evidence to support its motion for summary judgment. And, because Appellant failed to meet his reciprocal burden of submitting evidence which would create a genuine issue of material fact for trial, we conclude the trial court did not err in granting summary judgment in favor of Fifth Third as a matter of law, and entering the decree of foreclosure.

**{¶26}** Appellant further submits Fifth Third failed to establish its damages due to a lack of proper documentation.  We disagree.

**{¶27}** Ohio courts have held "an averment of outstanding indebtedness made in the affidavit of a bank loan officer with personal knowledge of the debtor's account is sufficient to establish the amount due and owing on the note, unless the debtor refutes the averred indebtedness with evidence that a different amount is owed." *JPMorgan Chase Bank, N.A. v. Salazar,* 6th Dist. Lucas No. L–13–1038, 2014–Ohio–1002, ¶ 13; *Natl. City Bank v. TAB Holdings, Ltd.* 6th Dist. Erie No. E–10–060, 2011–Ohio–3715, ¶ 12.

**{¶28}** We find Hoff's affidavit was sufficient to establish Fifth Third's damages.

**{¶29}** Appellant's second assignment of error is overruled.

{¶30} The judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Farmer, J. concur