[Cite as *PNC Bank, N.A. v. Price*, 2016-Ohio-2887.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| PNC BANK, N.A., SUCCESSOR BY | : | Hon. W. Scott Gwin, P.J. |
| MERGER WITH NATIONAL CITY | : | Hon. William B. Hoffman, J. |
| BANK | : | Hon. Craig R. Baldwin, J. |
| | : | |
| Plaintiff-Appellee | : | |
| | : | Case No. 15AP0015 |
| -vs- | : | |
| | : | |
| MARK J. PRICE, JR. AKA MARK J. | : | OPINION |
| PRICE, ET AL | | |
| | | |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:      Civil appeal from the Morgan County Court
of Common Pleas, Case No. 13CV0025

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      May 4, 2016

APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

ROBERT HOGAN                     BRUCE BROYLES
STEPHANIE F. GILLEY               5815 Market Street, Ste. 2
700 Walnut Street, Ste. 302       Boardman, OH 44512
Cincinnati, OH 45202

*Gwin, P.J.*

{¶1}    Appellant appeals the October 15, 2015 judgment entry of the Morgan County Court of Common Pleas granting appellee's motion for summary judgment and the November 12, 2015 judgment entry granting a decree of foreclosure.

*Facts & Procedural History*

{¶2}    On March 29, 2002, appellant Mark H. Price, Jr. and Alberta Price opened an Equity Reserve Line of Credit with National City Bank.  The initial amount of the Line of Credit was $50,000.  The relevant terms of the Line of Credit Agreement stated as follows:

Line of Credit.  Your Line is an open-end line of credit which you may use to obtain cash advances (Advances) from time to time for a period of 10 years (Term).  Your line will mature on the last day of the billing cycle ending in March 2012 (Maturity Date).  If you continue to meet Bank's then current standards for credit criteria and collateral value, at Bank's discretion, Bank will either extend the Maturity Date for one or more additional Terms or Bank will refinance your Line on the terms then being offered by Bank for Equity Reserve Lines of Credit.

* * *

The Line Minimum Payment will not fully repay the principal that is outstanding on your Line by the Maturity Date.  If you use an FRP after the first five years of your Agreement, then the FRP payment will not fully amortize your FRP by the Maturity Date.  Bank will refinance the remaining unpaid balance of your Line and/or FRP on terms then offered by Bank,

provided you continue to meet Bank's then current standards for credit criteria and collateral value. Otherwise, you will be required to pay the entire balance in a single payment. After the Maturity Date and prior to refinancing or payment of the entire outstanding balance, you will continue to be bound by this Agreement in that you will be liable for all finance charges and other amounts and you will be required to continue making monthly payments. Bank does not waive its right to receive payments in full by accepting partial payments after the Maturity Date.

* * *

Termination of the Line. Bank can terminate your Line and require you to pay the entire outstanding balance in one payment if:

You engage in fraud or material misrepresentation with your Line.

You do not meet the repayment terms of this Agreement.

Your action or inaction adversely affects the collateral or Bank's rights in the collateral.

**{¶3}** Appellant secured the Equity Reserve Line of Credit by executing a mortgage with National City Bank on the real property located at 9850 North Greer Road N.W., in McConnelsville, Ohio. The mortgage was recorded on April 11, 2002.

**{¶4}** Effective December 31, 2008, National City Corporation merged with and into The PNC Financial Services, Group, Inc. On November 6, 2009, National City Bank was merged with and into Plaintiff-appellee, PNC Bank, National Association.

**{¶5}** On February 11, 2013, appellee filed a complaint for foreclosure against appellant in the Morgan County Court of Common Pleas. Appellee stated it was the

holder of the Equity Line of Credit Agreement and mortgage executed by appellant. Copies of the Equity Line of Credit Agreement and mortgage were attached to the complaint as exhibits. Appellee alleged that by reason of default in terms of the Equity Reserve Line of Credit Agreement and the mortgage securing the same, appellant owed the principal sum of $49,783.53 plus interest at the rate of 3.25% per annum from April 30, 2012 to December 6, 2012.

{¶6} After appellee filed a motion for default, the trial court granted a judgment entry and decree of foreclosure on September 17, 2013. On December 16, 2013, appellant filed a motion to vacate default judgment and motion for leave to file answer to complaint instanter. The trial court granted appellant's motions on December 19, 2013. Appellant thus filed his answer on December 19, 2013. In his answer, appellant raised as an affirmative defense that appellee lacked standing. Appellant further alleged as an affirmative defense that appellee breached the terms of the credit line agreement because appellee did not extend the maturity date or refinance the credit line.

{¶7} After the parties were unable to agree on a loan modification agreement, appellee moved for summary judgment on December 1, 2014. In support of its motion for summary judgment, appellee attached the affidavit of Marika Dienes ("Dienes"), loan support analyst with PNC Bank. She averred that in the regular performance of her job functions, she was familiar with the business records maintained by PNC Bank. The affidavit stated PNC Bank was the holder of the Line of Credit Agreement, appellant failed to make the payment due for April 30, 2012, and did not satisfy the payments that came due thereafter.

**{¶8}** Appellant filed a response to the motion for summary judgment and a motion to strike the affidavit of Dienes. Appellant argued Dienes' affidavit was inadmissible hearsay and Dienes lacked knowledge or capacity to testify and authenticate the records. Finally, appellant argued there was a novation of the original debt. Attached to his opposition and motion to strike was appellant's affidavit in which he stated he began working with PNC in April of 2012 to work out a new loan agreement. Appellant averred he and appellee were negotiating an extension of the line of credit and Issac Wilcox told him for a term of thirty (30) years, the payment amount would be $100.05 per month at 1% interest for the first five (5) years of the agreement, and the remainder of the loan payment fixed at 5.25% interest with a monthly payment of $280.50.

**{¶9}** Appellee filed a reply to appellant's opposition on December 11, 2014. On March 19, 2015, appellant filed an additional affidavit, stating he recorded his phone conversations with the employees of PNC. Attached to his affidavit were transcripts of these conversations. Appellee filed a motion to strike appellant's affidavit on April 2, 2015, and argued the trial court should strike appellant's March 2015 affidavit because appellant did not request leave to supplement his response to summary judgment and because the conversations were not relevant to the issues at hand in the instant case.

**{¶10}** On July 28, 2015, the trial court granted appellee's motion to strike the March 2015 affidavit of appellant as being out of rule. The trial court granted appellee's motion for summary judgment on October 15, 2015. On November 12, 2015, the trial court entered a judgment entry and decree of foreclosure.

**{¶11}** Appellant appeals the judgment entries of the Morgan County Court of Common Pleas and assigns the following as error:

{¶12} "I. THE TRIAL COURT ERRED IN REFUSING TO STRIKE THE AFFIDAVIT OF MARIKA DIENES AND RELYING UPON HER AFFIDAVIT IN DETERMINING THE MOTION FOR SUMMARY JUDGMENT.

{¶13} "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE WHEN APPELLEE FAILED TO ESTABLISH THAT IT WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.

{¶14} "III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE WHEN THERE REMAINED A GENUINE ISSUE OF MATERIAL FACT IN DISPUTE ON THE ISSUE OF WHETHER A NOVATION OF THE OBLIGATION HAD OCCURRED."

*Summary Judgment Standard*

*Summary Judgment*

{¶15} Civ. R. 56 states in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being

entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶16} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶17} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶18} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.*

The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

I.

**{¶19}** Appellant first argues the trial court erred in relying on the affidavit of Dienes because the affidavit was not based on personal knowledge and was thus inadmissible hearsay.

**{¶20}** Evidence Rule 803(6) provides that records of regularly conducted business activity are admissible, as an exception to the rules of hearsay, if shown to be such "by the testimony of the custodian or other qualified witness." The question of who may lay a foundation for the admissibility of business records as a custodian or other qualified witness must be answered broadly. *U.S. Bank Trustee, N.A. v. Herman*, 5th Dist. Delaware No. 14 CAE 04 0023, 2015-Ohio-586. It is not a requirement the witness have firsthand knowledge of the transaction giving rise to the business record. *Id.* "Rather, it must be demonstrated that: the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval; he can reasonably testify on the basis of this knowledge the record is what it purports to be; and it was made in the ordinary course of business consistent with the elements of Rule 803(6)." *Id.*; *PNC Bank, N.A. v. Bradford*, 5th Dist. Stark No. 2014CA00029, 2015-Ohio-4092.

**{¶21}** Civil Rule 56(E) states an affidavit must "be made on personal knowledge [and] set forth such facts as would be admissible in evidence." Civil Rule 56(E). Ohio law recognizes personal knowledge may be inferred from the contents of an affidavit.

*Wells Fargo Bank, N.A. v. Dawson*, 5th Dist. Stark No. 2013CA00095, 2014-Ohio-269. The assertion of personal knowledge in an affidavit satisfies Rule 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference the affiant has personal knowledge of the facts in the affidavit. *Id.* In her affidavit, Dienes stated as follows:

> I am the Loan Support Analyst of PNC Bank, N.A., successor by merger with National City Bank, and in this position I have reviewed certain business files, documents and other business records of PNC Bank, N.A. successor by merger with National City Bank's account for Mark H. Price, Jr. and Alberta Price. I am over the age of 18 and I make this affidavit based upon my personal knowledge obtained from my personal review of such business records, and I am competent to testify to its content.

> In the regular performance of my job functions, I am familiar with business records maintained by PNC Bank, N.A. successor by merger with National City Bank for the purpose of servicing mortgage loans. Based on my knowledge of PNC Bank, N.A. successor by merger with National City Bank's business practices, the entries in these records (which include data compilations, electronic image documents, and others) are made at the time of the events and conditions they describe, either by people with firsthand knowledge of those events and conditions or form information provided by people with such firsthand knowledge. It is PNC Bank, N.A. successor by merger with National City Bank's business practice to electronically store

duplicates of the originals of all notes or other debt instruments, endorsements, allonges, mortgages, and assignments thereof.

{¶22} Dienes' affidavit goes on to state the details of the Equity Reserve Line of Credit Agreement and the mortgage executed by Price on March 29, 2002. Dienes avers appellant failed to make the payment due for April 30, 2012 and did not satisfy the payments that came thereafter. Further, Dienes stated as of November 24, 2014, there was due and owing the amount of $49,783.53.

{¶23} From her position as the loan support analyst and her statement that she examined the records in this case, it may be reasonably inferred Dienes had personal knowledge to qualify the documents as an exception to the hearsay rule as business documents.

{¶24} Appellant contends Dienes does not describe her job duties or how she obtained personal knowledge and thus she does not demonstrate personal knowledge. We disagree. The affiant in this case is clearly identified as a Loan Support Analyst of PNC Bank. She specifically attests to her job duties and states, "in the regular performance of my job functions, I am familiar with business records maintained by PNC bank, N.A. successor by merger with National City Bank for the purpose of servicing mortgage loans." She provides that, based upon this knowledge of PNC Bank's business practices, the entries in the record are made at the time of the events and conditions they describe.

{¶25} Though appellant contends this case is analogous to *Deutsche Bank Nat'l Trust Co. v. Dvorak*, 9th Dist. Summit No. 27120, 2014-Ohio-4652, we find the instant case is factually and legally distinguishable from *Dvorak*. Further, this Court has held

similar affidavits by PNC Bank were sufficiently based on personal knowledge and affirmed lower courts' granting of summary judgment. *PNC Bank, N.A. v. Olivieri*, 5th Dist. Delaware No. 15 CAE 08 0061, 2016-Ohio-1078; *PNC Bank, N.A. v. Bradford*, 5th Dist. Stark No. 2014CA00029, 2015-Ohio-4092.

**{¶26}** Finally, appellant contends the affidavit was insufficient and not based upon personal knowledge because the affiant authenticated copies of the electronically stored duplicates of the original note and mortgage.

**{¶27}** Evidence Rule 901 governs authentication or identification of evidence. It states, "the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Evidence Rule 901(A). Evidence Rule 901(B)(1) provides the testimony of a witness with knowledge, who testifies that a matter is what it is claimed to be, conforms with the requirements of Evidence Rule 901. Thus, "any competent witness who has knowledge that a matter is what its proponent claims may testify to such pertinent facts, thereby establishing, in whole or in part, the foundation for identification." *Id.*

**{¶28}** Thus, verification of documents attached to an affidavit supporting or opposing a motion for summary judgment is generally satisfied by an appropriate averment in the affidavit itself, for example, that "such copies are true copies and reproductions." *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 423 N.E.2d 105 (1981). In the present case, Dienes averred the note and mortgage attached to the affidavit were true and accurate copies of the electronically stored duplicates of the originals. Evidence Rule 1003 governs the admissibility of duplicates and provides a

duplicate, "is admissible to the same extent as an original unless: (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."  The party seeking to exclude a duplicate cannot rely on mere speculation as to its authenticity.  Evidence Rule 1003.  Furthermore, "the decision to admit duplicates, in lieu of originals, is one that is left to the sound discretion of the trial court."  *Fannie May v. Bilyk*, 10th Dist. Franklin No. 15AP-11, 2015-Ohio-554.

**{¶29}** Here, appellant does not raise any issues about the actual authenticity of the business records and does not contend it would be unfair under the circumstances to accept the duplicate in lieu of the original.  Appellant's argument relates to whether Dienes was qualified to authenticate the documents because she lacked firsthand knowledge regarding their creation and whether the facts Dienes swore to in her affidavit regarding the authenticity of the note and mortgage constituted hearsay.  Appellant fails to set forth any bona fide argument that the note and mortgage documents are not what they purport to be and has not met his burden to demonstrate a genuine question as to the authenticity of the duplicate copy of the note and mortgage introduced for the purposes of summary judgment.  *Fannie May v. Bilyk*, 10th Dist. Franklin No. 15AP-11, 2015-Ohio-554; *U.S. Bank v. Lavette*, 8th Dist. Cuyahoga No. 101348, 2015-Ohio-765.

**{¶30}** Upon review, we find the trial court did not err in relying upon Dienes' affidavit in support of its motion for summary judgment.  Appellant's first assignment of error is overruled.

II.

**{¶31}** In his second assignment of error, appellant contends the trial court erred in granting summary judgment because appellee failed to establish it was entitled to judgment as a matter of law.

**{¶32}** To properly support a motion for summary judgment in a foreclosure action, a plaintiff must show:

(1) The movant is the holder of the note and mortgage, or is a party entitled

to enforce the instrument;

(2) If the movant is not the original mortgagee, the chain of assignments

and transfers;

(3) All conditions precedent have been met;

(4) The mortgage is in default; and

(5) The amount of principal and interest due.

*Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3202.

**{¶33}** To have standing to pursue a foreclosure action, a plaintiff "must establish an interest in the note or mortgage at the time it filed suit." *Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d, 2012-Ohio-5017, 979 N.E.2d 1214. The current holder of the note and mortgage is the real party in interest in a foreclosure action. *U.S. Bank Nat'l. Assn v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, 908 N.E.2d 1032 (7th Dist.), citing *Chase Manhattan Corp. v. Smith*, 1st Dist. Hamilton No. C061069, 2007-Ohio-5874.

**{¶34}** In this case, appellee presented Civil Rule 56(C) evidence to properly support a motion for summary judgment in a foreclosure action. The affidavit of Dienes

provides the amount of principal and interest due and states appellant has failed to make the payment due for April 30, 2012 and has not satisfied the payments that have come due thereafter. Further, that PNC has elected to call the entire balance of said account due and payable, in accordance with the terms of the Note and Mortgage. Dienes' affidavit establishes appellee is the holder of and has the right to enforce the Note.

{¶35} The affidavit submitted by PNC demonstrated National City Bank merged with PNC Bank in 2009. "When two banks merge, the absorbed bank becomes a part of the resulting bank, and the merged bank has the ability to enforce agreements as if the resulting bank had stepped into the shoes of the absorbed one." *Bank of Am., N.A. v. Laster*, 8th Dist. Cuyahoga No. 100606, 2014-Ohio-2536, citing *Acordia of Ohio, L.L.C. v. Fishel*, 133 Ohio St.3d 356, 2012-Ohio-4648, 978 N.E.2d 823. Once an existing bank takes the place of another bank after a merger, no further action is necessary to become a real party in interest in regard to its property. *Huntington Nat'l Bank v. Hoffer*, 2nd Dist. Greene No. 2010-CA-31, 2011-Ohio-242. Further, Dienes' affidavit stated, "PNC Bank, N.A. is the holder of, and has the right to enforce, the Note * * *." Accordingly, reasonable minds can only conclude PNC Bank is the real party in interest with standing to bring the foreclosure suit against appellant.

{¶36} Appellant maintains the trial court erred in entering a decree of foreclosure when the bank failed to provide and attach to Dienes' affidavit business records which support a history of payment delinquency and default.

{¶37} However, this Court has held there is no requirement that a party seeking foreclosure submit a payment history to demonstrate entitlement to summary judgment. *Fifth Third Mtge. v. Fantine*, 5th Dist. Fairfield No. 15-CA-5, 2015-Ohio-4260. Rather, an

averment of outstanding indebtedness in the affidavit of a bank loan officer with personal knowledge of the debtor's account is sufficient to establish the amount due and owing on the note, unless the debtor refutes the averred indebtedness with evidence that a different amount is owed. *Id.* Dienes' affidavit provided the amount due and payable on the account was $49,783.53 plus interest at the rate of 3.25% as of April 31, 2012 and 0% as of November 24, 2014. Further, Dienes averred appellant failed to make the payment due for April 30, 2012 and those due thereafter. Appellant did not provide evidence which would controvert Dienes' averments regarding the $49,783.53 balance amount.

**{¶38}** PNC, via the Dienes affidavit, provided evidence to satisfy the *Jackson* criteria. Thus, PNC set forth sufficient evidence to support its motion for summary judgment. Because appellant failed to meet his reciprocal burden of submitting evidence which would create a genuine issue of material fact for trial, we conclude the trial court did not err in granting summary judgment and entering the decree of foreclosure. See *Fifth Third Mtge. Co. v. Fantine*, 5th Dist. Fairfield No. 15-CA-5, 2015-Ohio-4260; *PNC Bank, N.A. v. Bradford*, 5th Dist. Stark No. 2014CA00029, 2015-Ohio-4092.

**{¶39}** Appellant's second assignment of error is overruled.

III.

**{¶40}** In his final assignment of error, appellant argues the trial court erred in granting appellee's motion for summary judgment because there is a material fact in dispute on the issue of novation. Appellant contends he submitted evidence, in the form of his affidavit, that PNC Bank offered a new line of credit agreement and he accepted the agreement by sending payment to PNC Bank.

{¶41} Novation is an affirmative defense. *Sheet Metal Workers Nat'l Pension Fund v. Bryden House Ltd. Partnership*, 130 Ohio App.3d 132, 719 N.E.2d 646 (10th Dist. 1998); *Hollish v. Maners*, 5th Dist. Knox No. 2011CA000005, 2011-Ohio-4823. A novation "is created where a previous valid obligation is extinguished by a new valid contract, accomplished by substitution of parties or of the undertaking, with the consent of all the parties, and based on valid consideration.´ *Swayne v. Beeble Investments, Inc.*, 176 Ohio App.3d 293, 2008-Ohio-1839, 891 N.E.2d 1216 (10th Dist.). The Ohio Supreme Court in *Jim's Steakhouse, Inc. v. Cleveland*, 81 Ohio St.3d 18, 688 N.E.2d 506 (1998), provides for waiver of an affirmative defense if it is not raised in a pleading or an amended pleadings. See also Civ.R. 8.

{¶42} In this case, appellant did not assert novation in his answer or through an amended pleading. Appellant first argued a novation existed in his response to appellee's motion to summary judgment. Because appellant did not assert novation as an affirmative defense in the pleadings, we find appellant has waived this issue pursuant to Civil Rule 8(C). See *Hollish v. Maners*, 5th Dist. Knox No. 2011CA000005, 2011-Ohio-4823.

{¶43} Further, even if appellant did not waive this issue, we find the trial court did not err in granting summary judgment to appellee on the novation issue. In order to effect a valid novation, all parties to the original contract must clearly and definitely intend the second agreement to be a novation and intend to completely disregard the original contract obligation. *Boulden v. Boulden*, 5th Dist. Richland No. 01-CA-21, 2001-Ohio-1430. To be enforceable, a novation requires consideration and a novation can never be presumed. *Id.* "Intent, knowledge and consent are the essential elements in determining

whether a purported novation has been accepted." *Id.* A party's knowledge of and consent to the terms of a novation need not be express, but may be implied from circumstances or conduct. *Id.* There must be a common understanding between the parties to the arrangement, and a clear and definite expression of both knowledge and consent. *Id.*

{¶44} In this case, appellant failed to present any evidence that all parties to the line of credit agreement and mortgage, including appellee and Alberta Price, consented to any change in terms or new obligations. While appellant stated in his affidavit that he and PNC Bank were negotiating an extension of the line of credit, appellant failed to submit any evidence demonstrating a clear and definite expression of consent by PNC Bank and/or Alberta Price to a new agreement. Further, as in *Boulden v. Boulden*, appellant offered no evidence of any consideration. Accordingly, even if appellant did not waive the defense of novation, appellant has failed to provide evidence to create a genuine issue of material fact with regards to novation.

{¶45} Appellant's third assignment of error is overruled.

{¶46}  Based on the foregoing, we overrule appellant's assignments of error.  The judgment entries of the Morgan County Court of Common Pleas are affirmed.

By Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur