[Cite as *MTGLQ Investors, LP v. Stilwell*, 2021-Ohio-499.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MTGLQ INVESTORS, LP | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 18 CAE 12 0096 |
| RONALD L. STILWELL, ET AL. | |
| | |
| Defendants-Appellants | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 18 CV E 02 0098 |
| | |
| JUDGMENT: | Affirmed |
| | |
| DATE OF JUDGMENT ENTRY: | February 24, 2021 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant Stilwell |
| | |
| JACQUELINE M. WIRTZ | TAYLOR PAIGE WATERS |
| MANLEY DEAS KOCHALSKI LLC | DOUCET & ASSOCIATES, CO., LPA |
| P. O. Box 165028 | 700 Stonehenge Parkway, Suite 2B |
| Columbus, Ohio 43216-5028 | Columbus, Ohio 43017 |

*Wise, J.*

{¶1} Appellant Ronald L. Stilwell appeals the November 15, 2018, decision of the Court of Common Pleas, Delaware County, which granted summary judgment in favor of Appellee MTGLQ Investors, LP.

**STATEMENT OF THE FACTS AND CASE**

{¶2} This case arises from a residential foreclosure action commenced in Delaware County, Ohio. The relevant facts and procedural history are as follows:

{¶3} On October 25, 1995, Appellant Ronald L. Stilwell executed a promissory note in the amount of $900,000.00 in favor of State Savings Bank. On the same date, Stilwell executed a mortgage (the "mortgage") against the property to secure the amounts due and owing under the note in favor of State Savings Bank.

{¶4} On October 30, 1995, the mortgage was recorded in the Official Records of Delaware County, Ohio Record's Office.

{¶5} On October 17, 2017, the Mortgage was assigned to MTGLQ. The Mortgage was specifically assigned between and to the following entities: Assignment from Fifth Third Bank SBM to Fifth Third Bank Central Ohio, FKA The Fifth Third Bank of Columbus, SBM to State Savings Bank as assigned to Fifth Third Mortgage Company; Assignment from Fifth Third Mortgage Company as assigned to Towd Point Master Funding Trust 2015-LM4; Assignment from Towd Point Master Funding Trust 2015-LM4 as assigned to Towd Point Master Funding Trust 2017-NPI; Assignment from Towd Point Master Funding Trust 2017-NPI as assigned to MTGLQ Investors, LP.

{¶6} On February 19, 2018, Appellee MTGLQ Investors, LP, filed a Complaint in Foreclosure, naming as defendant parties Ronald L. Stilwell, Jane Doe as the unknown

spouse of Ronald L. Stilwell, the State of Ohio Department of Taxation, and the Delaware County Treasurer.

{¶7} On March 8, 2018, the Delaware County Treasurer answered the Complaint claiming an interest in the property.

{¶8} Defendants Jane Doe and the State of Ohio Department of Taxation have not entered an appearance or answered the Complaint.

{¶9} On May 1, 2018, Appellee MTGLQ Investors, LP, filed its motion for summary judgment, as well as moving to dismiss Defendant Jane Doe.

{¶10} On May 17, 2018, Appellant Stilwell moved for the trial court to refuse summary judgment pursuant to Civ.R. 56(F) or, alternately, to grant Appellant additional time to conduct discovery.

{¶11} On July 11, 2018, the trial court granted the motion, allowing Appellant until September 17, 2018, to respond to the motion for summary judgment and ordering Appellee to cooperate in providing discovery as requested by Appellant.

{¶12} On September 17, 2018, Appellant Stilwell responded to the motion for summary judgment and filed his own motion for summary judgment.

{¶13} By Judgment Entry filed November 15, 2018, the trial court found that there were no genuine issues of material fact, and that Appellee was entitled to judgment in its favor as a matter of law. The trial court further found that Appellant Stilwell failed to establish his entitlement to judgment as a matter of law, and therefore his Motion for Summary Judgment was denied.

{¶14} On December 12, 21018, Appellant filed a motion to stay execution of judgment and confirmation of sale.

**{¶15}** On December 20, 2018, Appellee filed its memorandum in opposition to Appellant's motion to stay execution of judgment and confirmation of sale.

**{¶16}** On December 21, 2018, Appellant filed his notice of appeal with this Court.

**{¶17}** On December 27, 2018, the trial court granted Appellant's motion to stay execution of judgment pending appeal, subject to the posting of a supersedeas bond.

**{¶18}** On January 3, 2019, Appellant filed a motion for reconsideration and motion to file *instanter* his reply to Plaintiff-Appellee's opposition to Appellant's motion to stay execution of judgment and confirmation of sale.

**{¶19}** On January 7, 2019, Plaintiff-Appellee filed its response to Appellant's motion for reconsideration.

**{¶20}** By Judgment Entry filed January 10, 2019, the trial court granted the motion to file reply *instanter* and denied Appellant's motion for reconsideration.

**{¶21}** On January 18, 2019, Appellant filed a motion to vacate order of sale and withdraw property from sale.

**{¶22}** On January 21, 2019, Notice of filing of Bankruptcy of Ronald L. Stilwell was filed with the trial court.

**{¶23}** On January 22, 2019, the trial court granted an order to vacate the order for sale and withdrew the property from sale.

**{¶24}** On February 13, 2019, this Court stayed the instant appeal pending the outcome of the bankruptcy.

**{¶25}** On July 12, 2019, bankruptcy notice was received by the trial court.

**{¶26}** On January 16, 2020, notice was filed that the bankruptcy stay was no longer in effect.

**{¶27}** On January 23, 2020, an alias order of sale was filed.

**{¶28}** On February 19, 2020, Appellant filed motion to vacate order for sale and withdraw property from sale.

**{¶29}** On February 19, 2020, Appellant filed another Notice of Bankruptcy on February 14, 2020.

**{¶30}** On February 20, 2020, a magistrate's order to vacate order of sale and withdraw property from sheriff's sale was filed.

**{¶31}** By Judgment Entry filed March 13, 2020, this Court stayed the instant appeal.

**{¶32}** On September 25, 2020, a Notice of Bankruptcy Status was filed advising that the bankruptcy was dismissed on September 9, 2020.

**{¶33}** Appellant now appeals, assigning the following errors for review:

**ASSIGNMENTS OF ERROR**

**{¶34}** "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO MTGLQ INVESTORS.

**{¶35}** "II. THE TRIAL COURT ERRED IN DENYING SUMMARY JUDGMENT TO MR. STILWELL."

**I., II.**

**{¶36}** While Appellant listed two separate assignments on page iv of his brief, he does not separately list or argue Assignment of Error II in the body of his brief. We shall address Appellant's assignments of error together.

{¶37} In his assignments of error, Appellant argues that the trial court erred in denying his motion for summary judgment and in granting summary judgment in favor of Appellee. We disagree.

*Summary Judgment*

{¶38} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 36 (1987). As such, we must refer to Civ.R. 56(C) which provides in pertinent part:

Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶39} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and

identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 1997–Ohio–259, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 1996–Ohio–107.

{¶40} To properly support a motion for summary judgment in a foreclosure action, a plaintiff must show:

(1) The movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument;

(2) If the movant is not the original mortgagee, the chain of assignments and transfers;

(3) All conditions precedent have been met;

(4) The mortgage is in default; and

(5) The amount of principal and interest due.

{¶41} *Wachovia Bank of Delaware, N.A. v. Jackson,* 5th Dist. Stark No. 2010–CA–00291, 2011-Ohio-3203, 2011 WL 2557039.

{¶42} Appellant argues that Appellee failed to establish the first, second, and fifth prongs listed above.

{¶43} In support of its motion for summary judgment, Appellee submitted the affidavit of Michael Bennett, an Assistant Secretary at Rushmore Loan Management

Services, LLC, which is MTGLQ's loan servicer. (Aff. at 1). Bennett averred that Rushmore maintained business records for the purpose of servicing mortgage loans, with which he was personally familiar. (Aff. at 2). According to Bennett's testimony, the records maintained by Rushmore were "maintained in the usual and ordinary course of Rushmore's regular practice in servicing mortgage loans" and were "made at the time of the events and conditions they describe either by people with first-hand knowledge of those events and conditions or from information provided by people with such first-hand knowledge." (Aff. at 3.)

**{¶44}** Bennett attached copies of the note and mortgage, along with the assignments of mortgage, to his Affidavit and testified that Rushmore's business records indicated that MTGLQ "directly or through an agent has possession, and had possession prior to the filing of the Complaint, of the Note. The Note is indorsed in blank." (Aff. at 6.) The copy of the note that Bennett authenticated contained (i) an allonge from Fifth Third Mortgage Company to blank.

**{¶45}** R.C. §1303.31, provides:

(A) "Person entitled to enforce" an instrument means any of the following persons:

(1) The holder of the instrument;

(2) A nonholder in possession of the instrument who has the rights of a holder;

(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the Revised Code.

**{¶46}** With respect to a negotiable instrument, a "holder" means: "The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." R.C. §1301.201(B)(21)(a). Determining whether a plaintiff-creditor is a holder requires physical examination not only of the face of the note but also of any indorsements.

**{¶47}** Here, Appellee's affidavit averred that it had possession of the note and that the copy it presented is true and correct. The note contained a blank indorsement, which makes the instrument payable to the bearer. R.C. §1303.25(B). Under this indorsement, Appellee still qualifies as a holder of the note because it is the person in possession of a negotiable instrument that is payable to the bearer. R.C. §1301.201(B)(21)(a). *Bank of Am., N.A. v. Pasqualone,* 10th Dist. No. 13AP–87, 2013-Ohio-5795.

**{¶48}** Appellee's Complaint contained a copy of the original, blank-indorsed note with the allonge. Appellee's summary judgment motion included the original note and allonge.

**{¶49}** Appellant herein contends that the allonge was detached from the note, and that no evidence was produced that it was attached to the note.

**{¶50}** However, at deposition, testimony was presented that the note and allonge were only ever separated for the purposes of photocopying. (Depo. Darla Martin at 20).

**{¶51}** Based on the foregoing, we find that Appellee MTGLQ produced sufficient evidence that it was the holder of the note and mortgage, and, therefore, Appellee is a person entitled to enforce the note pursuant to R.C. §1303.31(A)(1).

**{¶52}** Bennett further testified that Appellant Stilwell defaulted on the note and mortgage by failing to make the payment due for March 1, 2016. (Aff. at 8). Bennett also

authenticated a letter notifying Stilwell of the default. (Aff. at 9). Bennett testified that Stilwell had failed to cure his default, the loan balance was accelerated, and Stilwell owed the amount of $62,611.30 with interest on that amount, at the rate of 6%, and a deferred balance of $5,290.26. (Aff. at 7-8). Bennett also stated that MTGLQ "may advance additional funds for the payment of reasonable and necessary real estate taxes, hazard insurance premiums, or otherwise for the protection of the property, together with court costs and any other expenses incident to this action, the total amount of which will be ascertainable at the time of the foreclosure sale in this matter."(Aff. at 10).

**{¶53}** This Court has held there is no requirement that a party seeking foreclosure submit a payment history to demonstrate entitlement to summary judgment. *Fifth Third Mtge. v. Fantine,* 5th Dist. Fairfield No. 15–CA–5, 2015-Ohio-4260, 2015 WL 5968101. Rather, an averment of outstanding indebtedness in the affidavit of a bank loan officer with personal knowledge of the debtor's account is sufficient to establish the amount due and owing on the note, unless the debtor refutes the averred indebtedness with evidence that a different amount is owed. *Id.* Bennett's affidavit provided the amount due and payable on the account was $62,611.30 plus interest at the rate of 6% as of February 1, 2016, and the deferred principal amount of $5,290.26. Further, Bennett averred Appellant failed to make the payment due for February 1, 2016, and those due thereafter.

**{¶54}** Appellant did not provide evidence which would controvert Bennett's averments regarding the $62,611.30 balance amount.

**{¶55}** Appellee MTGLQ, via the Bennett affidavit, provided evidence to satisfy the *Jackson* criteria. Thus, MTGLQ set forth sufficient evidence to support its motion for summary judgment. Because Appellant failed to meet his reciprocal burden of submitting

evidence which would create a genuine issue of material fact for trial, we conclude the trial court did not err in granting summary judgment and entering the decree of foreclosure. *See Fifth Third Mtge. Co. v. Fantine,* 5th Dist. Fairfield No. 15–CA–5, 2015-Ohio-4260, 2015 WL 5968101; *PNC Bank, N.A. v. Bradford,* 5th Dist. Stark No. 2014CA00029, 2015-Ohio-4092, 2015 WL 5783329.

**{¶56}** For the forgoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.


JWW/kw 0222